## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

ERIE INSURANCE COMPANY as
subrogee of JOHN VATTES,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

**COMPLAINT**

Civil Action No. _24-cv-539_

Plaintiff, Erie Insurance Company as subrogee of John Vattes ("Erie"), by and through its attorneys, Rupp Pfalzgraf LLC, as and for its complaint against defendant, United States of America, alleges as follows:

### INTRODUCTION AND PARTIES

1. At all times hereinafter mentioned, Erie was and is an insurance company licensed to conduct the business of insurance in the State of New York, with a principal place of business located at 120 Corporate Woods, Suite 150, Rochester, New York, 14623.

2. Upon information and belief, at all times hereinafter mentioned, John Vattes ("Mr. Vattes"), subrogor of Erie, is a resident of the state of New York residing at 287 Westchester Boulevard, Kenmore, New York, 14217.

3.      Upon information and belief, The United States of America ("United States") is the appropriate defendant under the Federal Tort Claims Act and was at all times material to this complaint the employer of Mark Reimann ("Mr. Reimann"), with offices located at 250 Delaware Avenue, Floor 7, Buffalo, New York, 14202 and 500 12st Street Southwest Stop 5900, Washington D.C., 20536.

4.      Mr. Reimann at all times hereinafter mentioned, was employed by the Department of Homeland Security ("DHS"), which is an agency/bureau of the United States, with an office located at 250 Delaware Avenue, Floor 7, Buffalo, New York, 14202.

5.      Upon information and belief, at all times hereinafter mentioned, Mr. Reimann is and was an employee of the United States, by way of the DHS, and was authorized to act on its behalf.  Mr. Reimann was working out of the DHS's New York office, and at the time of the incident giving rise to this lawsuit, Mr. Reimann was an employee of the United States, by way of the DHS, and was acting within the scope of his employment on the United States's behalf.

6.      At the time of the loss at issue in this action, Erie insured a 2014 Dodge Pickup owned by Mr. Vattes, bearing license plate No.: "JNG5936" ("Insured Vehicle").  Said policy of insurance provided Erie's insured with insurance coverage in the event of a loss, such as physical damage caused to a vehicle.

7.      Erie brings this action against defendant, United States, seeking damages arising from defendant's negligence in connection with a motor vehicle accident between Erie's insured and defendant's employee, Mr. Reimann, on June 30, 2022.  Upon information and belief, the vehicle that struck Erie's insured on June 30, 2022, was initially struck from behind by a 2020 Nissan bearing the license plate No.: "JRP9198" and was operated by defendant's employee, Mr. Reimann, and was owned and under the control of the DHS, the defendant's agency ("Subject Vehicle").

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. Chapter 171, 28 U.S.C. § 2674, and 28 U.S.C. § 1346(b), because plaintiff's claim arises out of the negligence of one of the employees of the DHS, a bureau/agency of the United States, who was acting within the scope of his employment at the time of the accident giving rise to plaintiff's damages in this action.

9.      Further, pursuant to 28 U.S.C. § 2675, plaintiff initially presented its claim to the DHS on or about February 7, 2023.  The DHS, in response, advised plaintiff that the DHS does not handle of this type of claim at the local level, and directed the plaintiff to file its claim with the Immigration and Customs Enforcement ("ICE") office.  Thereafter, on June 5, 2023, the plaintiff presented its claim to the ICE.  On November 2, 2023, in response to an email correspondence from a representative of the ICE, dated November 1, 2023, wherein the ICE reached out to the plaintiff's counsel requesting proof of payment and repair estimates for Erie's

claim, plaintiff provided same to the ICE in cooperation with the DHS's and the ICE's investigation into this matter.  To date, neither DHS nor the ICE has not made a final determination on same.  A copy of the plaintiff's February 7, 2023, claim submitted to the DHS and plaintiff's June 5, 2023, claim presented to the ICE are attached hereto as Exhibit A.  The DHS's response to the plaintiff's February 7, 2023, claim is attached hereto as Exhibit B.  A copy of plaintiff's response and attachments to the ICE's November 1, 2023, correspondence is attached hereto as Exhibit C.

10.     As more than six months have passed since the filing of plaintiff's claim to the DHS and the ICE, and no final determination has been made, pursuant to 28 U.S.C. § 2675(a), plaintiff has deemed the DHS's inaction and the ICE's inaction on its claim to be a final denial of same thereby satisfying the statutory prerequisites necessary to file this action against defendant.

11.     Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1391 (d) because Erie Insurance Company has a principal place of business located within the Court's judicial district, and pursuant to 18 U.S.C. § 1965(a) because the defendant "resides, is found, has an agent, or transacts his affairs" within the Court's judicial district.

12.     An actual controversy between the parties exists in this case under the terms of the Federal Tort Claims Act because plaintiff was forced to indemnify its insured for damage to the Insured Vehicle negligently caused by defendant's employee, Mr. Reimann, while he was in the course of his employment with the DHS, an agency of the defendant, and upon information and belief, while he was using a vehicle owned and under the control of the DHS, an agency of the defendant.

## **FACTUAL BACKGROUND**

13.     On or about June 30, 2022, while acting during the scope of his office or employment at the DHS, defendant's employee, Mr. Reimann, negligently, carelessly, and/or recklessly operated a vehicle owned, under the control of, and insured by his employer, the DHS, causing substantial damage to the Insured Vehicle.

14.     Upon information and belief, Mr. Reimann, while operating the Subject Vehicle, negligently, carelessly, and/or recklessly rear ended a safely and properly stopped vehicle that was being operated by a Jeremy Krull (the "Krull vehicle").  The impact to the Krull vehicle caused by the negligence, carelessness, and/or recklessness of the Subject Vehicle caused the Krull vehicle to propel forward and impact the vehicle in front of same, which was safely and properly stopped. Mr. Vattes was operating the vehicle the Krull vehicle struck, and Erie insured same.

15.     Upon information and belief, the damage to the Insured Vehicle was caused by the negligent, careless, and/or reckless actions of Mr. Reimann, defendant's employee, through his negligent, careless, and/or reckless use of the Subject Vehicle.

16.     At all times mentioned herein, Erie's insured has exercised due care and is without fault in causing the damages.

17.     Following the above-described incident, and pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended $15,247.43 to compensate its insured for the damage to the Insured Vehicle.

18.     Defendant is liable to plaintiff, jointly and severally, in an amount no less than $15,247.43, as a result of the above-described incident.

**<u>FIRST CAUSE OF ACTION AS AGAINST DHS</u>**
**(Negligence)**

19.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "18" of this complaint.

20.     Defendant, the United States, had a duty to exercise that care which was due by persons in the position of the defendant's employee.

21.     The United States breached its duty of care by failing to act as a reasonably prudent person under the same circumstances.  Specifically, the United States negligently, carelessly, and/or recklessly allowed its employee, Mr. Reimann, to use a vehicle it owned and controlled on the date of the incident that resulted in physical damage to the Insured Vehicle owned by Erie's insured, without providing, Mr. Reimann, with the proper training, supervision, and oversight.

22.     As a direct and proximate result of the United States' negligent, careless, and/or reckless actions, Erie's insured's vehicle sustained extensive damage.

23.     Pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended $15,247.43 to compensate its insured for the damage to the Insured Vehicle.

24.     That, by virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the United States is liable to plaintiff.

25.     By virtue of the United States's negligence, carelessness, and/or recklessness, the DHS is liable to plaintiff for damages in an amount no less than $15,247.43, plus interest as allowed by law, together with the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION AS AGAINST THE UNITED STATES**
**(Vicarious Liability)**

26.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "25" of this complaint.

27.     Upon information and belief, at the time of the Subject Accident, defendant's employee, Mr. Reimann, was operating a vehicle owned by the DHS, defendant's agency, during the scope of his employment with the United States and with the express or implied permission of the United States.

28.     The Subject Accident was caused by the negligence, carelessness, and recklessness of Mr. Reimann while operating the Subject Vehicle that was owned by the United States.

29.     That pursuant to N.Y. VEH. & TRAF. LAW § 388 and the Federal Tort Claims Act, the United States is vicariously liable for the negligent acts of its employee, Mr. Reimann, in his operation of the DHS's vehicle with its permission.

30.     That pursuant to N.Y. VEH. & TRAF. LAW § 388, the United States is jointly and severally liable for the damage resulting from Mr. Reimann's acts while operating the Subject Vehicle.

31.     That, by virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the United States is liable to plaintiff.

32.     By virtue of the United States's negligence, carelessness, and/or recklessness, it is liable to plaintiff for damages in an amount no less than $15,247.43, plus interest as allowed by law, together with the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Erie, demands judgment, jointly and severally, as follows:

(1)     On its first cause of action, negligence against defendant, United States, damages in the minimum amount of $15,247.43, plus accrued interest from June 30, 2022;

(2)     On its second cause of action, vicarious liability against defendant, the United States, damages in the minimum amount of $15,247.43, plus accrued interest from June 30, 2022;  and/or

(3)     The costs and disbursements of this action, together with any other
        or further relief as the Court may deem just and proper.

Dated:     June 5, 2024
           Buffalo, New York

                        **RUPP PFALZGRAF LLC**
                        Attorneys for the Plaintiff,
                        Erie Insurance Company as subrogee of
                        John Vattes

                        By: _____
                             Marco Cercone, Esq., of Counsel
                             Austin R. Hendricks, Esq., of Counsel
                        1600 Liberty Building
                        Buffalo, New York 14202-3502
                        (716) 854-3400